## 10167

### MIMNAUGH v. BAKER *ET AL.*

#### (98 S. E. 337.)

1. VENDOR AND PURCHASER—PAROL CONTRACT—EQUITABLE TITLE—POS-SESSION.—Purchaser, who takes possession of land under parol con-tract, becomes owner of an equitable title to the land.

2. APPEAL AND ERROR — IRRELEVANT EXCEPTIONS — INCONSEQUENTIAL ISSUES.—*Exceptions* on appeal, which relate only to inconsequential issues, are irrelevant, and will not be considered.

3. JUDGMENT— LIEN— VENDOR'S EXECUTORY INTEREST.— Judgment ren-dered against vendor subsequent to parol contract of sale, but prior to actual conveyance, is entitled to be paid out of purchase-money mortgage executed as part of consideration of conveyance.

Before TOWNSEND, J., Richland, Summer term, 1918. Affirmed.

Action by J. L. Mimnaugh against Carrie E. Baker and others. Judgment for plaintiff, and defendant named appeals.

The following are the exceptions:

1. His Honor, the presiding Judge, erred in finding as a matter of fact that the terms of sale between M. A. Evans and Carrie E. Baker was as follows, to wit: "$200 on plain-tiff's mortgage, $500 cash on delivery of deed, and balance of $2,800, to be evidenced by her bond payable six months after date, with interest at 8 per cent. per annum, payable monthly, and secured by her purchase money mortgage," there being no testimony to support any such terms as "$500 cash on delivery of deed," in particular.

2. His Honor erred in deciding that the purchase was not concluded until April 20, 1916, on the payment of $500, when a deed was given by appellant; whereas, as a matter of law, the purchase was concluded February 27, 1916, when M. A. Evans and apellant reached an agreement as to the sale of the property, and under said agreement the purchaser was given immediate possession of the property and made valuable improvements thereon.

3. His Honor erred in finding and concluding that Carrie E. Baker was not the head of a family and not entitled to homestead exemption; the error being in finding, contrary to the evidence and law, that appellant's sister and nieces had not become a part of her household, in that appellant had not adopted the nieces, whom she had supported and educated, and because the said nieces had not "severed their relations to the family in which they were born."

*Mr. N. J. Frederick,* for appellant, cites: *As to second exception:* 28 S. C. 58; 108 S. C. 451; 94 S. E. 868; 12 S. C. 98; 15 S. C. 135; 17 A. & E. Enc. L. 781; 3 DeSaus. 74; 65 N. C. 240 (1886); 7 Att. Rep. 232. *As to third exception:* 26 S. C. 1; 33 S. C. 597; 32 S C. 168; 23 S. C. 316; 51 S. C. 493; 5 S. C. 493; Code 1912, vol. I, sec 3711.

*Messrs. Melton & Belser,* for respondent, cite: *As to second exception:* 45 S. C. 443, and cases cited; Pom. Eq., vol. I, sections 367-8; vol. III, sec. 1260; 23 Cyc. 1373; 17 Enc. 780; Freeman on Judgments, vol. II, 4th Ed., secs. 363-364; 1 S. C. 62; 3 Jones on Mortgs. (7th Ed.), secs. 1684, 1687; 28 S. C. 58, and 15 S. C. 135, differ in vital particulars from case at bar. *As to the usual procedure in cases of this kind:* 3 Jones on Mortgs. (7th Ed.), sections 1685, 1687-8; 87 S. C. 116. *As to third exception:* 26 S. C. 18; 32 S. C. 168; 5 S. C. 493; 23 S. C. 216; 21 S. C. 11; Pom. Eq. 368; 38 S. C. 113.

February 24, 1919.

The opinion of the Court was delivered by MR. JUSTICE GAGE.

Action to foreclose a mortgage for $200 on land. The mortgage was made to Mimnaugh by Baker. Subsequent to the execution of the mortgage Baker conveyed the land to Evans for $3,500, to liquidate which debt:

Evans was to pay the Mimnaugh mortgage......$ 200.00
Cash to Baker ............................. 500.00
Bond and mortgage to Baker................. 2,800.00
$3,500.00

The first item was not paid; hence this action.    The second item was paid.    The bond and mortgage were executed, and on the same day assigned to Washington.

Evans and Baker at the outset made parol contract to buy and sell, and Evans went into possession, and so became the owner of an equitable title to the land.    A few months thereafter the parol contract was performed as before stated.    Betwixt these two dates, the day of the parol contract and the day of its performance, Mimnaugh got a judgment against Baker.    The judgment debt is the chief matter now in issue; there is no issue about the mortgage debt.

The defendants are Baker, Evans and Washington.    The Circuit Court held, *inter alia,* that the bond and mortgage for $2,800 was liable to pay the Mimnaugh judgment debt, and that Baker had no homestead right in the subject matter of the action.    The defendant, Baker, has appealed; the defendants, Evans and Washington, have abided the decree of the Circuit Court.

Let the three exceptions of Baker be reported.

The first and second exceptions are irrelevant; they make inconsequential issues.

Granting that the parol agreement, before referred to, and the entry of Evans on the property thereunder, constituted Evans the holder of the equitable title, and that the Mimnaugh judgment, gotten betwixt the two events, did not operate to effect a lien on the legal title before it passed from Baker to Evans, yet the judgment is entitled to be paid out of the $2,800 purchase money mortgage.    *Adicks v. Lowry,* 15 S. C. 135.    Besides that, Washington does not object; Evans does not object; and Baker cannot object, for she sold all her interest in the bond and mortgage to Washington.

The third exception has to do with an imagined homestead exemption claimed by Baker.    But there cannot be an exemption, unless there be a *res* to be exempted.    So far as

the record shows, Baker has no property in sight which is the object of the tentacles of the judgment lien.

It is said, though, that she had a right to transfer the judgment to Washington freed from the judgment lien. But she is not interested in that issue, and Washington does not make the question.

Decree affirmed.

MESSRS. JUSTICES HYDRICK and FRASER concur.

MR. CHIEF JUSTICE GARY and MR. JUSTICE WATTS did not sit.